

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0026-18

## ANTONIO R. FLORES, Appellant

## v.

## THE STATE OF TEXAS

## CONCURRENCE TO REFUSAL TO GRANT
## STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## BEXAR COUNTY

**NEWELL, J., filed a concurring opinion.**

I join the Court's refusal of the State's petition for discretionary review. I write separately to address the irony of discussing the prohibition regarding advisory opinions in what amounts to two advisory opinions. Outside of an unpublished opinion, I cannot think of opinions with less precedential or persuasive value than side opinions to the refusal of a petition for discretionary review. As we have said, the

summary refusal of a petition for discretionary review is of no precedential value. *Sheffield v. State*, 650 S.W.2d 813, 814 (Tex. Crim. App. 1983) (per curiam). This is true even when we refuse a petition for discretionary review with a brief, per curiam opinion disavowing the reasoning employed by the court of appeals. *Id.* Any side opinions attached to such an order must necessarily be at least one step below that on the precedential/persuasive scale.

With this in mind, it bears repeating that this Court's order refusing discretionary review is not a holding that the prohibition against issuing advisory opinions requires a refusal of discretionary review in this case. Neither is this Court's order refusing discretionary review saying anything regarding what constitutes a "decision" of the court of appeals. It is only an indication that this Court does not believe this case merits the exercise of our discretionary review authority. *See Burch v. State*, 712 S.W.2d 163, 164 (Tex. Crim. App. 1986) (per curiam) ("As is true in every case, refusal of discretionary review by this Court does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals.").

The parties in this case are not concerned with the scope of our authority to grant or refuse a petition for discretionary review. They just

want us to make the decision.  We have.  This meta-conversation about our authority or the nature of opinions is unnecessary and more likely to confuse than clarify.

With these thoughts I join the Court's order.


Filed: June 27, 2018

Publish